Frazier, J.
Charles Teed, the defendant in error, brought an action in the court of common pleas, claiming that on the 21st day •of December, 1889, he was unlawfully ejected from the cars •of the defendant below.
That he had a ticket as the evidence of having paid his fare.and entitling him to ride from Kingsville to Ashtabula.
That the conductor in charge of the train refused to accept the ticket, and demanded that he pay his fare in money for his passage, and on his refusal to do so,the conductor stop ped the train where there was no station,and refused to carry plaintiff or permit him to ride further toward Ashtabula on •the ticket; and without any just cause,illegally and wrongfully ejected plaintiff from the train and lefEhim to make his way as best he could, whereby it is averred he is injured, and prays judgment.
*357 To this petition the defendant answers and admits that it is a corporation owning and operating the railroad as alleged.
Admits that on the 21st of December, 1889, the plaintiff ¿not having a proper ticket and refusing to pay his fare, was requested to leave one of defendant’s trains between Kings-ville and Ashtabula, and that he left the same voluntarily, -and the defendant denies each and every other allegation in the petition contained.
Plaintiff replies that he had a good and sufficient ticket, -such a one as entitled him to be carried from Kingsville to Ashtabula; that it was one of the regular and unlimited tickets issued by the defendant company.
That he left the car under compulsion, and not voluntarily; that the conductor and brakoman in charge of the train, demanded that he should leave, anc did so in a rough, rude and insulting manner, threatening force if he did not comply therewith, and that he left the car and train under compulsion and orders to do so,and not voluntarily.
Upon these issues the parties went to trial to a jury, which returned a verdict for plaintiff for $450. A motion for a new .trial was made, which being overruled, a bill of exceptions was taken, setting out all the evidence with the rulings and •charge of the court.
Counsel for plaintiff in error, admit the evidence warranted the jury in finding that plaintiff below had an unlimited ticket of the company, which entitled him to be carried from Kingsville to Ashtabula upon the train and in the car in •question.
The conductor testified that when the ticket was presented, 'he believed it to be a going coupon of a round trip limited •ticket.
The difficulty probably arose from the fact that the ticket had been purchased upon a day prior to the time he entered •upon the passage, and Mr. Teed in his testimony gives as a ■¡reason why it was not used at that time,that after he bought *358 it and was waiting to take his passage, a neighbor or friend came along and invited him to ride in his buggy,and he did so, and consequently did not use it on the day it was purchased. Mr. Teed also testifies he carried it in his vest pocket and it became somewhat soiled. It is an admission in the record that the stamp on the ticket could be read. When the ticket was presented, it was refused by the conductor, and plaintiff was notified that he could not ride upon it, and the train was stopped, and and he was ordered to leave the train, while the evidence does not show that actual force was used, yet certainly it was under such circumstances that Teed understood and had a right to understand, that if he did not leave the train the conductor would use such force as was necessary to put him off.
The objections urged in this court are, that the court of common pleas erred in its charge as to the rule of damages, and that the damages are excessive. The plaintiff in error insists that the action is only for the breach of a contract, and that the plaintiff below can only recover his actual damages, viz: the price of the ticket, and the labor of walking to Ashtabula; that he has averred no special damages, and the recovery is limited to the items of damages above stated.
The statements of the plaintiff in his petition bearing upon this question,are: “that he had a proper ticket,as the token of his right to a passage from Kingsville to Ashtabula; that said conductor refused to accept said ticket,and commanded the plaintiff to pay his fare in money, for said passage, and on refussing to do so, the conductor of said train stopped it, where there was no station, and refused to carry plaintiff or permit him to ride any further on the train on said ticket toward Ashtabula, and without any just cause, illegally and wrongfully ejected plaintiff from the train and left him to make his way as best he could,” whereby it is averred he is injured and asks judgment.
The court of common pleas charged the jury,in substance, *359 that the plaintiff would be entitled to recover for injury to his feelings, in being ejected from the car at the place he was, and in the presence of the passengers. I apprehend that it is a rule of law, that a party doing a wrongful act, is liable for and must anticipate the natural and necessary consequences and result of his act, and that under this rule, plaintiff below was entitled to recover for the injury to his feelings, which naturally and necessarily resulted from the wrongful and deliberate act of the defendant. In Smith v. The Pittsburgh, Ft. Wayne & Chicago Railway Company, 23 Ohio St., 10, the fourth paragraph of the syllabus is:
“In an action for a personal tort an injury to the feelings, naturally and necessarily resulting from the wrongful act, may be considered by the jury in their estimate of compensatory damages, whether the case be or be not one in which damages beyond compensation may be awarded.”
The case of Smith v. The Railway Company, was an action brought for expelling Smith from a train of the company. It appears that Smith boarded the train upon that occasion, for the purpose of being expelled from the cars, in order that he might test a rule of the company which required if passengers did not purchase a ticket before entering the cars, they should pay an additional rate. It is evident from the statement of the case, that Smith not only expected, but desired to be expelled from the cars. The opinion of the court, as stated in the syllabus of a case,must always be read in view of the question that was then before the court to be decided. Counsel for defendant in Smith v. Pittsburg, Ft. Wayne & Chicago Railway Company, supra, claimed in argument to the supreme court:
“Compensation is limited to direct pecuniary loss and cost of suits only. No indirect loss, no mental suffering or wounded feelings,is included.”
Counsel in that case further say:
“The petition here charges neither fraud, malice, nor *360 an intention to oppress, and the evidence shows clearly that the defendant’s servants did not intentionally annoy or insult the plaintiff;” and in that case the court of common pleas charged the jury, that:
‘‘Should youfind the company liable, you will proceed to determine the damages for the plaintiff. The plaintiff is entitled to recover for all the injury which naturally resulted from the wrong act of the defendant — the injury to the feelings caused by a public expulsion from the cars; the injury to his health, which resulted from exposure to the inclemency of the weather, (if you should find that such injury accrued), and from being compelled to walk to a neighbor’s house, and the expense to which the plaintiff was subjected in reaching Mansfield; if you find for the plaintiff in this case, you will render a verdict for the amount of damages which you may find he has sustained in the premises. ”
On page 19, Judge Mcllvaine says:
‘‘That physical pain, caused by an act of trespass on the person, constitutes a leigtimate ground for compensatory damages, no one disputes.' And why should not mental suffering as well? Is it more endurable than physical suffering? Is it a less probable consequence of a trespass against the person of another? Is the mind an object of less concern in the judgment of the law than the body? Is it any less a part of the person? Is compensation in money for mental suffering more difficult to estimate than for physical pain? I can find no good reason for affirming any of these distinctions. Conceding therefore, that the case made against the defendant would not have justified a verdict for damages beyond the rule of compensation, and for punishment merely, a majority of the court are of opinion that there was no error in this charge, to-wit, that in estimating the damages sustained by the plaintiff in the premises, the injury to the feelings caused by a public expulsion from the cars, was a proper subject for the consideration of the jury.”
In the case at bar, one of the defendant’s requests to charge, which the court refused to give, was, if the conductor made an honest mistake,the company is not liable.
*361 We must look to the whole record to determine whether a motion for a new trial should have been sustained. Upon the question of damages the court of common pleas charged 'the jury:
“In the event of your so finding in favor of the plaintiff, we instruct you that the plaintiff will not be entitled to recover exemplary or vindictive damages, and you are not at liberty to include anything in your verdict for ■attorney fees, or by way of punishment of the defendant; but we instruct you that the rule of damages in this case is compensatory damages, and your verdict should be for such an amount only as will fully and fairly compensae the plaintiff for all the loss and damages he has sustained by reason thereof, and which is the direct, necessary and natural result of said wrongful act of the defendant, by its conductor and brakeman, as herein explained, and in determining that amount, we instruct you that you have a right to take into ■consideration the place where the plaintiff was left, the circumstances, as proven by the evidence, under which it was •done; any interruption in his business and loss of time, which you find has been proven by the evidence, and any ■expense or exertion he was put to, or compelled to undergo as the necessary result of such wrongful act, and you have the right also, in fixing that amount, to take into consideration the humiliation and disgrace and injury to the feelings of the plaintiff, if any have been proven by a preponderance of the evidence in this case, of having the train stopped and being compelled to leave the train and coach in a public manner,and in the presence of the passengers thereon.”
This is excepted to, and these constitute substantially the grounds of the objections interposed, so far as the action and ■charge of the court is concerned in its refusal to charge and the charges given, so far as excepted to.
There remains, however, another question that is urged by counsel for plaintiff in error; that is, that the damages are excessive. This court is a reviewing court. It passes npon the action of the trial judge, and before this court is ¡authorized to disturb the judgment of the trial court in *362 overruling the motion for a new trial, we must be satisfied that the court below clearly erred.
Theodore Hall, for Plaintiff in Error.
EdwardH. Filch, for Defendant in Error.
Speaking for myself, I will say, that ifiij were an original question, and I the trial judge, and toe evidence made the same impression upon my mind that the reading of the record does, I would say that the verdict is excessive; but looking at it as we do, not by seeing the witnesses face to face, but by the imperfect reproduction of the testimony of the witnesses upon paper, we are not able to say that the record shows that the verdict was influenced by passion or prejudice.
The defendant in error, when he presented his ticket, was-publicly charged by the conducor, with attempting to fraudulently and wrongfully pass upon him the going coupon of a round trip ticket which was worthless.
There is a conflict in the evidence as to the manner and language of the conductor on the occasion, but from the evidence we are warranted in saying the conductor lost his discretion, if he did not show actual ill-temper. Nor can we say the jury was not warranted in the conclusion that he was rude and insolent in his conduct toward the plaintiff.
The conductor, as a witness, admits it was his duty, under the rules of the company, before he was authorized to expel plaintiff from the car, to take the ticket and examine it, and take the number and a description of the ticket presented, which he did not do on this occasion.
The judgment of the court of common pleas is affirmed.